IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES C. BROWN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1475 |
| | § | |
| CHEVRON PHILLIPS CHEMICAL | § | |
| COMPANY, L.P., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment [Doc. # 30] filed by Plaintiff James C. Brown, and the Motion for Summary Judgment [Doc. # 31] filed by Defendant Chevron Phillips Chemical Company, L.P. ("Chevron"). Defendant filed its Opposition [Doc. # 33] to Plaintiff's Motion, Plaintiff responded to Defendant's Motion [Doc. # 34], and Defendant filed a Reply [Doc. # 35]. Based on a thorough review of the full record and the application of governing legal authorities, the Court concludes that genuine issues of material fact preclude summary judgment in favor of either party. Consequently, both motions are **denied.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began working for Chevron as a storekeeper in 1991. In 1998, Plaintiff interviewed for and was reassigned to an associate buyer position in the procurement

group.   Shortly thereafter, Chevron made significant changes to the roles and responsibilities of the associate buyer position.

Beginning in 2001, Plaintiff was given written performance appraisals that reflected Chevron's perception that Plaintiff was experiencing difficulties understanding and adapting to the changes in his job.  In 2002, Plaintiff's supervisor, Derek Forfang, worked with Plaintiff on a performance improvement plan.  Plaintiff was advised that failure to satisfy the expectations of the performance improvement plan by December 31, 2002 would result in disciplinary action that could include termination.

In early November 2002, Forfang prepared a report advising that Plaintiff had not progressed sufficiently to move out of the "falls short of expectations" performance category.  Forfang also reported that Plaintiff questioned whether he wanted to remain an associate buyer and was thinking about retiring.

Later in November 2002, Plaintiff injured his left rotator cuff while on vacation.  Plaintiff needed to schedule surgery for his injury, and Defendant asked him to delay having the surgery until after the holidays.  Plaintiff scheduled his surgery for January 8, 2003.

On January 7, 2003, Plaintiff was given a written performance appraisal covering his 2002 performance.  The appraisal indicated that Plaintiff again fell short of

expectations.  The appraisal also described what Plaintiff's future challenges would be and what he would need to do to improve.

The next day, January 8, 2003, Plaintiff began his leave under the Family and Medical Leave Act ("FMLA").  He remained on full pay and benefits for the time he was on leave.

On February 10, 2003, Plaintiff's doctor released him to return to work.  When Plaintiff contacted the Chevron offices, Plaintiff remembers mentioning the concern that he had injured his other rotator cuff.  Jimmie Gabucci, Chevron's procurement supervisor, does not remember that aspect of the call.  It is undisputed, however, that Gabucci asked Plaintiff to delay his return to work for another week.  When Plaintiff returned to work on February 18, 2003, his employment was terminated.  His duties were assumed by the remaining two associate buyers.

Plaintiff filed this lawsuit asserting that Defendant violated the FMLA, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Texas Commission on Human Rights Act ("TCHRA").  Plaintiff later moved to dismiss voluntarily his ADA, ADEA, and TCHRA claims [Doc. # 24], and his motion was granted [Doc. # 27], leaving Plaintiff's FMLA claim as the only remaining issue in the case.

Following an extended discovery period, the parties each moved for summary judgment on the FMLA claim.  The motions have been fully briefed and are ripe for decision.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P.56(c).  The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party meets this initial burden, the nonmovant is required to set forth specific facts showing the existence of a genuine issue for trial.  FED. R. CIV. P. 56(e).  "For the purposes of a summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant."  *Aucoin v. Haney*, 306 F.3d 268, 271 (5th Cir. 2002).

### B.   Plaintiff's FMLA Claim

Under the FMLA, an eligible employee is entitled to take up to twelve work weeks of leave in a twelve-month period for qualifying reasons, such as the employee's

own serious health condition.  *See* 29 U.S.C. § 2612(a)(1)(D); *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004).  "After a qualifying absence, the employer must restore the employee to the same position previously held by the employee before taking leave under the FMLA or a comparable position, with equivalent pay, benefits, and working conditions."  *Haley*, 391 F.3d at 649 (citing 29 U.S.C. § 2614(a)(1); *Chaffin v. John H. Carter Co., Inc.,* 179 F.3d 316, 319 (5th Cir.1999)).  Plaintiff claims that he was denied his right to return to his prior position after his FMLA leave.

The right to job restoration is not absolute – the FMLA does not entitle an employee to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken leave."  29 U.S.C. § 2614(a)(3).  The employer bears the burden to prove that the employee would not otherwise have been employed at the time he sought to return to work.  *See* 29 C.F.R. §§ 825.216(a) and 825.312(d).

In this case, Defendant argues that Plaintiff's poor performance would have resulted in his termination even if he had not taken FMLA leave.  The evidence in the case, however, raises a fact issue regarding whether Plaintiff would have been terminated if he had not taken FMLA leave.  Plaintiff was not told prior to his request for FMLA leave that his employment was being terminated.  The evidence does not

establish clearly that Defendant had made the decision to terminate Plaintiff's employment before he began his FMLA leave.  What is clear is that he was <u>not</u> so advised at his performance review the day before his leave began.  The written appraisal specifically describes the feedback given by the supervisor to the employee. In that section of the appraisal, Forfang writes that Plaintiff "has put in much effort in 2002" and that his "challenge will be to keep an open mind learning from others and myself in the group to improve these [previously described] skills." *See* Performance Appraisal, Exh. 3 to Plaintiff's Motion.  The appraisal states further that Plaintiff "will need to better manage his open order report." *Id.*  Additionally, this is not a situation where Defendant learned during an employee's FMLA leave about some serious misconduct by the employee, as occurred in *Kohls v. Beverly Enterprises Wisconsin, Inc.*, 259 F.3d 799 (7th Cir. 2001).[1]

The evidence in the case presents a genuine issue of material fact regarding whether Defendant would have terminated Plaintiff's employment when it did even if he had not taken FMLA leave.[2]  Summary judgment is, therefore, not appropriate.

---

[1]     Other cases and regulations discussed by the parties involve reduction in force situations not involved in this case.

[2]     Whether Defendant may have terminated Plaintiff's employment at some later time if his performance did not improve could be an important issue for damages purposes if Plaintiff were to prevail on his FMLA claim.

Plaintiff also claims that Defendant discriminated against him by discharging him after he took leave to which he was entitled under the FMLA.  The FMLA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against an individual for opposing any practice made unlawful" by the act.  *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (quoting 29 U.S.C. § 2615(a)(2)).  To establish a *prima facie* case of retaliatory discharge under the FMLA, the employee must show that (1) he engaged in activity protected by the FMLA, (2) the employer discharged him, and (3) there is a causal link between the protected activity and the discharge.  *See id.*  FMLA cases are generally evaluated based on the *McDonnell-Douglas* burden shifting framework to determine whether an employer discharged an employee in retaliation for participating in FMLA-protected activities.[3]  *Id.*  "Specifically, once the employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action.  If the employer succeeds in doing so, the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination."  *Id.* at 323-33.

---

[3]     Chevron adamantly contends that Plaintiff's FMLA leave played no role in its decision to terminate his employment.  Therefore, this case is not subject to a mixed-motive analysis.

Plaintiff has presented evidence to show the existence of a *prima facie* case.  He received a written appraisal setting forth his future challenges and the improvements he would need to make.  The next day he began FMLA leave for surgery.  He was fired the day he attempted to return to work after the FMLA leave.

Defendant has clearly articulated and presented evidence of serious performance issues that had not been resolved.  For two years in a row, Plaintiff's performance was rated as falling short of expectations.

Plaintiff's evidence, however, presents a genuine issue of material fact regarding whether Defendant's articulated reason is a pretext for FMLA discrimination.  Plaintiff has presented evidence that Chevron asked Plaintiff to delay his FMLA leave and that Gabucci became very quiet when Plaintiff mentioned that he might have injured his other shoulder.  Plaintiff was given a written appraisal listing his future challenges and ways to improve.  Plaintiff began FMLA leave that lasted over a month, and he was fired the day he attempted to return to work.

Chevron has presented undisputed evidence that Forfang suffers from serious medical conditions that require him to take extended periods of leave.[4]  Chevron argues that this establishes as a matter of law that Forfang would not discriminate against

---

[4]    Forfang has serious health and medical conditions that have caused him to use significant leave.  He has diabetes, has had one leg amputated, and has had two organ transplants.  He has been on leave since October 2004 and is awaiting a second set of organ transplants.

another employee who takes FMLA leave.  While this evidence may be powerful to a jury, the Court cannot accept Defendant's proposed inference as a matter of law in this case.

The parties have presented evidence, some of which is disputed.  The Court is required to make all inferences from the undisputed evidence in favor of the non-movant.  Ultimately, the fact disputes must be decided and the proper inferences made by the trier of fact.  Neither party is entitled to summary judgment.

## III.   CONCLUSION AND ORDER

Plaintiff and Defendant have presented evidence which raises a genuine issue of material fact as to Plaintiff's FMLA claim.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 30] and Defendant's Motion for Summary Judgment [Doc. # 31] are **DENIED**.  It is further

**ORDERED** that mediation is required in this case and must be completed by **May 26, 2006**.  It is further

**ORDERED** that counsel shall appear before the Court on **Monday, May 8, 2006 at 1:30 p.m.** for a pretrial conference.  Counsel are advised that the Court anticipates beginning trial in this case on **Tuesday, May 30, 2006**, if the case has not settled before that date.

SIGNED at Houston, Texas, this **25th** day of **April, 2006**.

Nancy F. Atlas
United States District Judge